```
                                                              FILED

 1  KAZEROUNI LAW GROUP, APC
    Abbas Kazerounian, Esq. (SBN: 249203)
 2  ak@kazlg.com                                       13 AUG 23 PM 12: 52
    Matthew M. Loker, Esq. (SBN: 279939)
 3  ml@kazlg.com                                      CLERK U.S. DISTRICT COURT
 4  245 Fischer Avenue, Unit D1                       CENTRAL DIST. OF CALIF
                                                           LOS ANGELES
    Costa Mesa, CA 92626
 5  Telephone: (800) 400-6808                        BY:_____
    Facsimile: (800) 520-5523
 6
 7  HYDE & SWIGART
    Joshua B. Swigart, Esq. (SBN: 225557)
 8  josh@westcoastlitigation.com
 9  2221 Camino Del Rio South, Suite 101
    San Diego, CA 92108
10  Telephone: (619) 233-7770
11  Facsimile: (619) 297-1022

12  Attorneys for Plaintiff,
13  Shereen Nikravan

14              UNITED STATES DISTRICT COURT
15              CENTRAL DISTRICT OF CALIFORNIA
16  SHEREEN NIKRAVAN,          Case No.: CV13- 6215 ABC (JCx)
17            Plaintiff,        COMPLAINT FOR DAMAGES
                                FOR VIOLATIONS OF:
18        v.
                                I.   THE FAIR DEBT
19  STERLING ACCOUNT                 COLLECTION
20  SOLUTIONS LLC,                   PRACTICES ACT, 15
                                     U.S.C. § 1692, ET SEQ.;
21            Defendant.             AND,
22                              II.  THE ROSENTHAL
                                     FAIR DEBT
23                                   COLLECITON
                                     PRACTICES ACT, CAL.
24                                   CIV. CODE § 1788, ET
                                     SEQ.
25
                                JURY TRIAL DEMANDED
26
27  ///
28  ///

    COMPLAINT FOR DAMAGES                            PAGE 1 OF 13
```

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. SHEREEN NIKRAVAN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of STERLING ACCOUNT SOLUTIONS LLC ("Defendant") with regard to attempts by Defendant, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///
///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

10. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

13. Plaintiff is a natural person who resides in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

///

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the State of New York.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

19. In or about 2009, Plaintiff allegedly incurred financial obligations to the original creditor, HSBC Bank, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6).

20. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

21. From August 2013 through the present, Plaintiff has received multiple telephone calls from Defendant attempting to collect Plaintiff's alleged debt. These telephone calls were "communications" as 15 U.S.C. § 1692a(2).

22. On or about August 12, 2013, Defendant left the following message on Plaintiff's cellular telephone:

> This message is solely intended for one Shereen Nikravan. This is Mr. Marshall, Legal Courier LA County, contacting you today in regards to the paperwork that was submitted and faxed over to my office under your name and social security number [unintelligible]. As it stands now, I am scheduled to stop by either the residence or place of employment to have you sign for a certified Notice of Intent to Appear in Court regarding the claim being placed against you. Before I do so, I wanted to provide you with this call to make sure that you did receive the information properly concerning your claim [unintelligible]. We will be stopping by the above address, 414 East **** Street or place of employment no later than tomorrow between the hours of 8 and 3. Any questions, comments or concerns can be directed to the claimant's office, they can be reached (877) 340-9381. When doing so, please reference claim number C, as in "Charlie," V, as in "Victor," 393-234. Otherwise, Ms. Nikravan, I will be out to see you tomorrow, please make sure that you are available.[2]

23. Following receipt of the voicemail transcribed above, Plaintiff immediately contacted Plaintiff's counsel at 8:02 p.m. on August 12, 2013. During said conversation, Plaintiff informed Plaintiff's counsel that Plaintiff was extremely frightened by Defendant's message. Plaintiff also stated that Plaintiff was crying and hysterical due to the fear of being sued by Defendant. Only after discussing the matter for approximately ten minutes did Plaintiff begin to relax.

///
///
///
///
///
///

---

[2] This message was transcribed by Plaintiff's counsel, Matthew M. Loker, while listening to the August 12, 2013 message that was left on Plaintiff's cellular telephone. In addition, Plaintiff's current address has been redacted in order to ensure Plaintiff's privacy.

24. On or about August 13, 2013, Defendant left another similar message on Plaintiff's cellular telephone stating the following:

> This message is solely intended for one Shereen Nikravan. This is Mr. Marshall, Legal Courier LA County, I am giving you a second call here following up in regards to paperwork that was forwarded to my office yesterday under your name and social security number. As was stated on a prior message, I do have a request to have you sign for a certified Notice of Intent to Appear in Court regarding the claim being filed against you. My call today is to make sure that you did receive information properly regarding the claim. Also, since I have not heard any differently, I wanted to confirm the scheduled date for service, We will be stopping by your residence here listed as 1340 **** Drive, excused me, Street, **** Street no later than tomorrow. If you have any questions, comments or concerns, they can be directed to the claimant's office, they can be reached at (877) 340-9381. When doing so, reference case number C, as in "Charlie," V, as in "Victor," 393-234. Shereen Nikravan, if I do not hear any differently, we will be out to see you tomorrow. Make sure that you are available.[3]

25. Shortly thereafter, Defendant left a nearly identical voicemail on Plaintiff's parent's home telephone.

26. Immediately after receipt of the August 13, 2013 voicemails from Plaintiff, Plaintiff requested that Plaintiff's counsel conduct further investigation in order to determine who was responsible for leaving the messages.

27. In order to do so, Plaintiff's counsel called (877) 340-9381, the number provided by "Mr. Marshall," and reached Defendant's office.

28. After providing Defendant's representative with Plaintiff's "case number," Plaintiff's counsel was transferred to Ryan Simmons, Defendant's manager.

///

---

[3] This message was also transcribed by Plaintiff's counsel, Matthew M. Loker, while listening to the August 13, 2013 message that was left on Plaintiff's cellular telephone. In addition, Plaintiff's current address has been redacted in order to ensure Plaintiff's privacy.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

29. While speaking with Mr. Simmons, Plaintiff's counsel determined that "Mr. Marshall" was not a Legal Courier for LA County but simply an employee of Defendant.

30. By misrepresenting that Mr. Marshall was employed as a Legal Courier for LA County, Defendant violated 15 U.S.C. § 1692d which prohibits debt collectors from engaging in conduct the natural consequence of which is to harass, oppress and abuse a consumer in connection with the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations with regard to Mr. Marshall's employment status in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendant violated Cal. Civ. Code § 1788.11 by placing telephone calls without disclosure of the caller's true identity.

35. Through this conduct, Defendant violated Cal. Civ. Code § 1788.13(a) by communicating with Plaintiff in a name other than Defendant's employer.

///

///

36. Through this conduct, Defendant violated Cal. Civ. Code § 1788.13(i) by falsely representing the true nature of Defendant's business and the services being rendered by Defendant.

37. Furthermore, during the August 13, 2013 telephonic communication between Mr. Simmons and Plaintiff's counsel, Mr. Simmons confirmed that no lawsuit had been filed nor did any document entitled "Notice of Intent to Appear in Court" exist.

38. By misrepresenting that Plaintiff was to be served with a lawsuit that had not been filed, Defendant violated 15 U.S.C. § 1692d which prohibits debt collectors from engaging in conduct the natural consequence of which is to harass, oppress and abuse a consumer in connection with the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations with regard to the status of an alleged lawsuit filed against Plaintiff in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant falsely represented the legal status of Plaintiff's alleged debt in violation of 15 U.S.C. § 1692e(2)(A). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that Defendant could not legally take in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendant violated Cal. Civ. Code § 1788.13(i) by falsely representing the true nature of Defendant's business and the services being rendered by Defendant.

45. Through this conduct, Defendant violated Cal. Civ. Code § 1788.13(j) by falsely representing that a legal proceeding had been instituted against Plaintiff.

46. Moreover, by informing Plaintiff that Plaintiff would be served the following day in the event that Plaintiff did not contact Defendant immediately created a false sense of urgency with regard to Plaintiff's alleged debt.

47. Through this conduct, Defendant created a false sense of urgency and threatened to file a lawsuit without the intention of bringing legal action against Plaintiff in violation of 15 U.S.C. § 1692d which prohibited Defendant from engaging in any conduct the natural consequence of which is to harass, oppress, and abuse Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

48. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations by creating a false sense of urgency with which Plaintiffs were required to act. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has

violated Cal. Civ. Code § 1788.17.

49. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of Plaintiffs' alleged debt as one that was the subject of Defendant's lawsuit. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

50. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in attempting to collect the alleged debt from Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

51. Finally, Defendant's representative, Mr. Marshall, violated 15 U.S.C. § 1692b(1) by failing to properly identify himself in connection with the collection of Plaintiff's alleged debt when Mr. Marshall contacted Plaintiff's parents. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

52. Through this conduct, Defendant violated 15 U.S.C. § 1692b(2) by stating that Plaintiff owed an alleged debt when leaving the August 13, 2013 voicemail with Plaintiff's parents. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

53. Through this conduct, Defendant violated 15 U.S.C. § 1692c(b) by communicating with Plaintiff's parents in connection with the collection of Plaintiff's alleged debt without the prior consent of Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

///

///

54. Through this conduct, Defendant violated Cal. Civ. Code § 1788.12(b) by communicating information regarding Plaintiff's alleged debt to Plaintiff's parents.

55. As a direct result of Defendant's unfair debt collection practices, Plaintiff suffered, and has continued to suffer, severe emotional distress.

56. Through this conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statute discussed above. Consequently, Defendant has violated 15 U.S.C. §§ 1692b(1); 1692b(2); 1692c(b); 1692d; 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and, 1692f. In addition, Defendant also violated Cal. Civ. Code §§ 1788.11(b); 1788.12(b); 1788.13(i); 1788.13(j); and, 1788.17.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

59. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

///
///
///

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

[Against All Defendants]

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

62. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

///

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually.
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,
- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 20, 2013

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: /s/
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF